IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
ELKINS

**ROBERT D. TAYLOR,**

Plaintiff,

v.

Civil Action No. 2:12-CV-3
(BAILEY)

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.  Introduction

On this day, the above-styled civil action came before this Court upon consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge David J. Joel [Doc. 15]. By Local Rule, this action was referred to Magistrate Judge Joel for submission of a report and a recommendation ("R&R"). Magistrate Judge Joel filed his R&R on May 8, 2012 [Doc. 15]. In that filing, the magistrate judge recommends that this Court dismiss this case pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. This Court notes that one day after the R&R issued, the *pro se* plaintiff filed a letter [Doc. 16], which this Court construed as a Motion for Extension. By Order dated May 15, 2012 [Doc. 18], this Court granted an extension of time, and Ordered that the plaintiff

shall file a motion for summary judgment within thirty (30) days of entry of that Order.[1] This Court cautioned that failure to so abide by the time limitations would result in dismissal of this action. To date, the plaintiff has continuously disobeyed this Court's Orders. Accordingly, this matter shall be dismissed.

## II. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections permits the district court to review the recommendation under the standards that the district court believes are appropriate, and under these circumstances, the parties' right to *de novo* review is waived. See **Webb v. Califano,** 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which objections are filed. The remaining portions of the report and recommendation will be reviewed for clear error. To date, the plaintiff has neither filed objections nor any other substantive filings. Accordingly, the R&R will be reviewed for clear error.

## III. Factual and Procedural History

On January 17, 2012, the *pro se* plaintiff filed his Complaint [Doc. 1] seeking judicial review of the final decision of the Commissioner of Social Security pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). On March 19, 2012, the Commissioner filed an Answer [Doc. 8] as well as the administrative record of the proceedings [Doc. 9]. The Commissioner also filed a certificate of service on March 19,

---

[1] This Court notes that even if it used the date on which plaintiff accepted service of the Order; that is, May 18, 2012, the thirty-day extension of time has still expired.

2

2012 [Doc. 10], certifying that the Answer and record had been served on the plaintiff by United States mail.

Pursuant to Local Rule of Civil Procedure 9.02(c), the plaintiff was required to file his motion for summary judgment within thirty (30) days after the defendant filed his answer and a complete copy of the administrative record. LR Civ. P. 9.02(c). By April 19, 2012, the plaintiff had not filed his motion for summary judgment or a motion for an extension of time. On April 23, 2012, the Court entered an Order for the plaintiff to show cause within fourteen (14) days why his case should not be dismissed with prejudice for the failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) [Doc. 12]. As of May 8, 2012, the plaintiff had not filed a motion for summary judgment, a motion for an extension of time, or any kind of response to the Court's order to show cause. Therefore, the magistrate judge recommended this Court dismiss the *pro se* Complaint for failure to prosecute.

## IV. Discussion

This Court has the authority to dismiss an action with prejudice for the plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). See Fed. R. Civ. P. 41. This Court may exercise its authority to dismiss for failure to prosecute *sua sponte*, and may even do so without giving notice or an adversarial hearing, provided that due process standards are met. See **Link v. Wabash Railroad**, 370 U.S. 626, 630-31 (1962). This plaintiff has been given additional time well beyond the typical deadline to file a motion for summary judgment. Additionally, this Court's Order to Show Cause [Doc. 13] put the plaintiff on notice that his case may be dismissed if he failed to file some form of document indicating that he intended to prosecute his case. As previously noted, the plaintiff's letter

requesting an extension came one day after the magistrate judge filed his R&R. This Court has given the plaintiff every opportunity to avoid dismissal of this matter, yet the plaintiff continuously failed to prosecute his case. While this Court could have dismissed this action long ago, the *pro se* plaintiff made one last indication, although untimely, that he did wish to continue prosecuting his case. Therefore, this Court allowed the *pro se* plaintiff one more extension simply out of an abundance of caution. This Court, too, in recognizing that the plaintiff is proceeding *pro se*, has remained patient; however, the plaintiff has failed miserably to take advantage of the Court's leniency. This Court now finds the time for the plaintiff to file his motion – and this Court's patience – have both expired.

## CONCLUSION

Upon careful review of the report and recommendation, it is the opinion of this Court that the magistrate judge's Report and Recommendation **[Doc. 15]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. As such, this Court **DISMISSES WITH PREJUDICE** the plaintiff's Complaint [Doc. 1]. Accordingly, this matter is **ORDERED STRICKEN** from the active docket of this Court. As such, this Court **DIRECTS** the Clerk to enter judgment in favor of the defendant. As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that he has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein and to mail a copy to the *pro se* plaintiff.

**DATED:** June 20, 2012.

/s/ John Preston Bailey
JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE